UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BIBLIA, INC., AS OWNER OF TUGBOAT "John Parrish," FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil Action No.: <br><br> COMPLAINT FOR LIMITATION AND EXONERATION |

COMES NOW Biblia Inc., owner of the towing vessel JOHN PARRISH, in this cause of action for exoneration from and/or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. In support thereof, Plaintiff respectfully asserts as follows:

1. This is a case of admiralty and maritime jurisdiction, as more fully described below.

2. At the time of the incident forming the basis of this Complaint, Plaintiff Biblia, Inc. ("Owner") was the owner of the JOHN PARRISH, a U.S. flagged towing vessel of 76 gross tons burden, Official No. 543973 ("the Vessel").

3. As of the filing of this Complaint, the Vessel is present within this judicial district. Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9).

4. On or about September 23, 2020 the Vessel commenced a voyage ("the Voyage") from Savannah, Georgia to Mount Vernon, Indiana, where it took in tow the barge Lockwood 2002 ("the Barge"), which Barge belonged at all relevant times to a third party, and towed the Barge to Newport News, Virginia on November 7, 2020.

5. As of the commencement of the Voyage, the Vessel was tight, staunch, strong seaworthy, crewed by competent seamen, and in all respects properly manned, fitted, and equipped for the Voyage.

6. On or about November 3, 2020, in the course of the Voyage, the Vessel was under navigation in the Atlantic Intracoastal Waterway in Carteret County, North Carolina. At all relevant times, the Vessel was operated in a safe and prudent manner by her crew, at an appropriate speed and with a proper lookout stationed on the Barge.

7. Shortly after the Vessel and Barge passed beneath the B. Cameron Langston Bridge, and at about 1255 hours, Vessel was involved in a casualty ("the Casualty") in which the Barge came in contact with a pontoon boat owned by Tommy Gist, which was anchored in or near the federally-maintained navigation channel to which the Vessel was confined in her navigation with the Barge.

8. Upon information and belief, Tommy Gist was aboard the pontoon boat as of the Casualty, as was another individual named Larry Sanderson.

9. Upon information and belief, Tommy Gist died in the course of the Casualty, and Larry Sanderson sustained or may claimed to have sustained injuries in the Casualty of an extent unknown to the Owner.

10. On or about November 25, 2020, the Owner received a written letter of representation from counsel for Larry Sanderson, instructing the Owner to preserve evidence relating to the Casualty.

11. The Casualty was not caused or contributed to by any fault or negligence within the privity or knowledge of the Owner.

12. Owner therefore invokes the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30501 *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. In this regard, Owner will show that neither it nor the Vessel are liable to any extent and are entitled to exoneration from liability for all losses, damages or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, Owner will show that, in the event it is liable to any parties by reason of the matters aforesaid, the Owner is entitled to limit its liability to the value of the Vessel as of the close of the Voyage.

13. As of the close of the Voyage, the Vessel had, upon information and belief, an insured value of $950,000.00. Towage for the Voyage was in the amount of $258,344.13.

14. Owner is not aware of any other pending suits or libels against it or the Vessel based on the aforesaid casualty.

15. It is believed that Larry Sanderson and the beneficiaries or estate of Tommy Gist, and possibly other persons whose identities are at present unknown to the Owner, may assert claims against the Owner.

16. Owner fears that the amount of damages and/or claims described above and all other possible claims against the Owner and Vessel may exceed the value of the Owner's interest in the Vessel and her pending towage. Owner proposes to file with the Court security in the form of a bond from a federally-approved surety, in an amount equal to the Owner's interest in the Vessel and its pending towage, plus costs and interest at the rate of 6 percent per annum from the date of the security.

17. This limitation is timely filed pursuant to 46 U.S.C. § 30511 and Supplemental Admiralty Rule F.

WHEREFORE, Owner respectfully requests that this Court:

a. enjoin forthwith the prosecution of any other action or proceeding against the Owner or its property with respect to any claim arising from the incident described above;

b. issue a Notice to all persons asserting claims arising from the incident above advising them to file their respective claims with the Clerk of this Court and serve a copy thereof on the attorneys for Plaintiff on or before a date to be fixed in such Notice;

c. order publication of such Notice in accordance with the applicable rules;

d. enter an Order approving Plaintiff's proposal to provide security in the form of a bond from a federally-approved surety, in the amount of $1,209,344.13, plus costs and interest at the rate of 6% per annum, pending any appraisement as may be ordered by the Court of the amount of the Owner's interest in the Vessel;

e. enter, upon trial of this matter, a judgment exonerating the Owner and dismissing with prejudice at claimants' cost all claims which may be filed herein; or, in the alternative, judging that the Owner is entitled to limit its liability to the value of its interest in the Vessel immediately after the incident;

f. order that the Plaintiff and the Owner be granted such other relief to which they show themselves justly entitled.

This 31st day of December, 2020.

ELLIS, PAINTER, RATTERREE & ADAMS LLP

*/s/ Philip Thompson*
PHILIP M. THOMPSON
Georgia Bar No. 963572
pthompson@epra-law.com
Attorneys for Limitation Plaintiff Biblia, Inc., as owner of the JOHN PARRISH

Post Office Box 9946
Savannah, Georgia  31412
T: (912) 233-9700
F: (912) 233-2281