IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BIBLIA, INC., AS OWNER OF TUGBOAT "John Parrish," FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 4:20-cv-327 |

### ORDER FOR ISSUANCE OF NOTICE AND RESTRAINING PROSECUTION OF CLAIMS

Before the Court in this limitation of liability proceeding is the Plaintiff Biblia, Inc.'s ("Plaintiff") Motion for Issuance of Notice pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), specifically Supplemental Rule F(4). Plaintiff, as owner of the tugboat JOHN PARRISH, filed this action on December 31, 2020, seeking exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 et seq. and Supplemental Rule F, for any persons or entities allegedly sustaining injury caused by an alleged collision or allision involving the JOHN PARRISH on or about November 3, 2020, as more fully described in the Complaint.

The Complaint stated upon information and belief that the JOHN PARRISH had an insured value of $950,000.00. After obtaining a survey, Plaintiff has since determined that the value of the JOHN PARRISH is $1,100,000.00 and has supported that evaluation with the declaration and survey report of H. David Scott. Consistent with its allegations in the Complaint, Plaintiff has provided an affidavit supporting its position that the towage service rendered in connection with voyage underlying this matter was $258,344.13. Given these values, Plaintiff has provided the

Court with a Letter of Undertaking guaranteeing payment up to but not exceeding $1,358,344.13, plus costs and interest, should a judgment enter against it in this matter.

The Court accepts Plaintiff's evidence of the value of the subject vessel and its freight, and approves the Letter of Undertaking tendered as security for the same, subject to the right of any claimant to demand additional security in accordance with Rule F(7) of the Supplemental Rules. Plaintiff having complied with Rule F(1) of the Supplemental Rules, the Court **ORDERS** as follows:

The Court will issue the notice contemplated by Supplemental Rule F(4) admonishing all persons asserting claims with respect to which the Complaint seeks limitation to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for the Plaintiff a copy thereof on or before **April 30, 2021**, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for Plaintiff an answer to the Complaint, as required by the aforesaid Supplemental Rule F, or be defaulted.

Plaintiff is **ORDERED** to publish the Notice in the *Carteret County News-Times*, a paper of general circulation in Carteret County, North Carolina, where the underlying incident in this matter occurred, in the manner prescribed by Supplemental Rule F.  Plaintiff is also **ORDERED**, not later than the day of second publication, to mail a copy of the Notice to every person known to have made any claim against the Vessel or the Plaintiff arising out of the voyage on which the claims sought to be limited arose.

It is further **ORDERED** that, pursuant to Supplemental Rule F, the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description

whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against Plaintiff, as aforesaid, against the JOHN PARRISH, against any employees, agents, representatives, or property of Plaintiff, or against Plaintiff's insurers, except in this action, to recover damages for or in respect of any loss, damage or injury, occasioned or incurred on the said voyage of the JOHN PARRISH, as alleged in the Complaint, are hereby restrained, stayed, and enjoined until the hearing and determination of this action.

Service of this Order as a restraining Order may be made through the Post Office by mailing a copy thereof, via certified mail, to the person or persons to be restrained, or to their respective attorneys, or alternatively by hand delivery.

**SO ORDERED**, this 18th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA