IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT )
OF BIBLIA, INC., AS OWNER OF TUGBOAT )
"John Parrish," FOR EXONERATION FROM ) CIVIL ACTION NO:
OR LIMITATION OF LIABILITY ) 4:20-cv-00327-RSB-CLR

**O R D E R**

This matter is before the Court on the Limitation Plaintiff's Motion for Default Judgment. (Doc. 61.)  For the reasons stated herein, the Court **GRANTS** the Limitation Plaintiff's motion.

The record reflects that, on March 18, 2021, the Court issued an Order for Issuance of Notice and Restraining Prosecution of Claims ("Order for Notice"), (docs. 11), ordering that Limitation Plaintiff publish a notice pursuant to Supplemental Rule F(4), admonishing all persons to file their claims by April 30, 2021, or be defaulted, in the Carteret County News-Times.  The Order for Notice further instructed Limitation Plaintiff to mail a copy of the said notice to every person known to have made a claim against Limitation Plaintiff or the Vessel.  (Id.) On the same date, the Court issued a Notice of Complaint for Exoneration from or Limitation of Liability ("Notice"), (doc. 12), directing that all persons asserting claims for injury, loss, or damage resulting from the matters alleged in the Complaint herein file and serve those claims no later than April 30, 2021, or be defaulted.

On April 14, 2021, Limitation Plaintiff filed a Notice of Compliance, (doc. 13), attesting that a copy of the Notice had been mailed to every person known to have made a claim against Limitation Plaintiff or the Vessel as required in the Order for Notice.  On April 26, 2021,

Limitation Plaintiff filed an Affidavit of Publication, (doc. 14), evidencing that the Notice had been published in a newspaper of general circulation in the area of the subject maritime casualty, as was directed in the Order for Notice.

The record reflects that two claims were filed in this limitation proceeding, one by Bryan Gist, as personal representative of the Estate of Tommy Gist, (doc. 16), and the other by Larry Sanderson, (doc. 19). The Estate's claim was settled and was dismissed on August 29, 2022, (doc. 48). The Sanderson claim was settled and dismissed on March 21, 2024, (doc. 60). No other claims have been filed.

The Court finds that Limitation Plaintiff is entitled to final default judgment against non-appearing claimants and non-asserted claims. The procedure for entering default is as follows:

> Federal Rule of Civil Procedure 55 sets out a two-step procedure for obtaining a default final judgment. Fed. R. Civ. P. 55. First, when a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default judgment against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant.

In Re: Wild Fla. Airboats, LLC, No. 6:16-cv-2207, 2017 WL3891777, *2 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL3877598 (M.D. Fla. Sept. 5, 2017). Courts within the Eleventh Circuit have applied the same two-step procedure in cases under the Limitation of Liability Act. Id. at *2; see also In Re: Albergo, No. 17-cv-61381, 2017 WL 9362584, *1–3 (S.D. Fla. Oct. 3, 2017).

In cases arising under the Limitation of Liability Act, an entry of default is proper when parties have failed to appear and/or assert claims by the deadline established by the Court in compliance with Rule F(4). In Re: Columbia Leasing, LLC, 981 F. Supp. 2d 490, 495–96 (E.D.

2

Va. 2013). Upon successfully moving for entry of default, a limitation plaintiff may move the court for a default judgment under Rule 55(b)(2). See Matter of Archer Daniels Midland Co., No. 18-cv-1131, 2019 WL 4917126, *2 (D. Minn. Oct. 4, 2019). In a limitation action, a default judgment will be entered against any potential claimant who has failed to respond to a notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complied with the rules, was sent to every person known to have made any claim against the vessel at issue, and was published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims. See Wild Fla. Airboats, 2017 WL3891777, at *3.

In this action, Limitation Plaintiff has fulfilled its obligations under Supplemental Rule F and the Court's Order by publishing the Court's Notice in the Carteret County News-Times at the necessary time intervals and by mailing, via Certified Mail, a copy of its Complaint, the Court's Order, and the Court's Notice to all known potential claimants to this limitation proceeding. Given Limitation Plaintiff's compliance with Rule F and the Court's Order, the Court finds that it is appropriate to enter default against all parties with claims arising from the maritime casualty described in the Limitation Plaintiff's Complaint for Limitation and Exoneration, who have not filed their claims in accordance with the Notice. Having entered such default, the Court finds that it is appropriate to enter default judgment against all such parties.

## CONCLUSION

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule F(5) of the Supplemental Rules of Admiralty and Maritime Claims, the Court **GRANTS** Limitation Plaintiff Biblia, Inc.'s Motion for Entry of Default Judgment, (doc. 61), against all non-appearing parties and non-asserted claims. Furthermore, all underwriters are hereby released from the Letter of

Undertaking on file herein, (see doc. 10-4).  The Court **DIRECTS** the Clerk of Court to enter a final judgment and to **CLOSE** this case.

    **SO ORDERED**, this 15th day of October, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA